MAUREEN C. CAIN
U.S. Department of Justice
Child Exploitation & Obscenity Section
1400 New York Ave.
Bond Building, 6th Floor
Washington, D.C. 20530
Phone: (202)616-1685
Fax: (202)514-1793
Email: Maureen.Cain@usdoj.gov

**FILED**

MAR 1 8 2014

Clerk, U.S. District Court
District Of Montana
Missoula

CYNDEE L. PETERSON
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2d Floor
Missoula, MT 59802
Phone:  (406) 542-8851
FAX:  (406) 542-1476
Email: Cyndee.Peterson@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL WENCEWICZ, SCOTT LONG, PHILLIP MORRIS, JOHN JOHNSON, STEVE HUMISTON, JEFFREY WOOLLEY, TONY | CR 13- 30 - M -DWM<br><br>CR 14 -14  - M - DWM<br><br>**PLEA AGREEMENT –**<br>**DEFENDANT WENCEWICZ** |

CLP   PW   AJN   Date  3/7/14

1

**BRONSON, CHARLES CROSBY,
JOSEPH PURIFICATO, JEFFREY
NOENNIG, JOSHUA PETERSEN,
STEVEN GROVO, IAN NOSEK, and
ROBERT KRISE,**

        **Defendants.**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by Maureen C. Cain, Trial Attorney for the Department of

Justice, Cyndee L. Peterson, Assistant United States Attorney for the District of

Montana, and the defendant, Paul Wencewicz, and his attorney, Andrew J. Nelson,

have agreed upon the following:

      **1.**    **Scope:**  This plea agreement is between the United States Attorney's

Office for the District of Montana and defendant.  It does not bind any other

federal, state or local prosecuting, administrative or regulatory authority, or the

United States Probation Office.

      **2.**    **Charges:**  Defendant agrees to plead guilty to Count II of the

Superseding Indictment (**CR 13–30–M–DWM**) which charges the crime of

Conspiracy to Advertise Child Pornography, in violation of 18 U.S.C. § 2251(d)

and (e).  The offense carries a punishment of not less than 15 years or more than 30

years imprisonment, a $250,000 fine, not less than five years up to lifetime

supervised release, and a $100 special assessment.  Restitution is mandatory.  The

CLP    PW    AJN    Date

Indictment also contains a forfeiture allegation which the defendant will admit.

Defendant also agrees to plead guilty to the Information (CR-14-    - M-DWM) which charges him with Conspiracy to Advertise Child Pornography, in violation of 18 U.S.C. 2251(d) and (e).  The offense carries a punishment of not less than 15 years or more than 30 years imprisonment, a $250,000 fine, not less than five years up to lifetime supervised release, and a $100 special assessment. Restitution is mandatory.  The Information also contains a forfeiture allegation which the defendant will admit.

**3.    Nature of the Agreement:**  The parties agree that this plea agreement shall be filed and become a part of the record in both cases, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*.  The defendant acknowledges that the agreement will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss, Counts I and III of the Superseding Indictment (**CR 13–30–M–DWM**) and does not pursue other charges against the defendant for the conduct related to the conduct at issue in case **CR 13– 30–M –DWM and CR 14- 14 -M-DWM** and b) makes the recommendations provided below.  The defendant understands that if the agreement is accepted by the Court, and Counts I and III of the Indictment are dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

CLP    PW    AJN    3/7/14
Date

3

4.     **Admission of Guilt:** The defendant will plead guilty because

defendant is in fact guilty of the charge contained in Count II of the Superseding

Indictment **(CR 13–30–M–DWM)** and Count I of the Information **(CR 14-** _14_ **-**

**M-DWM)**.  In pleading guilty to the charges, the defendant acknowledges that as it

relates to both charges:

> First: there was an agreement between two or more persons to advertise child pornography; and

> Second: the defendant became a member of the conspiracy knowing of its unlawful object and intending to help accomplish it.

> The elements for advertising child pornography are:

> First, the defendant knowingly made, printed, published, caused to be made, caused to be printed, and caused to be published any notice and advertisement;

> Second, the notice and advertisement sought and offered to receive, exchange, display and distribute any visual depiction, and the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct; and

> Third, the defendant knew and had reason to know the notice and advertisement would be transported using any means and facility of interstate and foreign commerce, and in or affecting interstate or foreign commerce by any means including by computer, and such notice and advertisement was actually transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer.

The Defendant also acknowledges and admits that the following property

was used to facilitate the commission of the offenses:

> (1)     Unbonded System Unit, Serial #8619A033900182 to include

CLP     PW     AJN     Date

the following hard drives:
   a.   Western Digital HDD , Serial #WCATR0150632;
   b.   Seagate HDD , Serial #5MT1A554; and
   c.   Seagate HDD, Serial #6RY4R9FE;
(2)   Eagle HDD, Serial #EH00022638;
(3)   Western Digital HDD, Serial #WCAU4D609664;
(4)   Seagate HDD, Serial #5MA9HN5Z;
(5)   Adaptec HDD, Serial #050002227; and
(6)   Miscellaneous CDs and DVDs.

**5.   Waiver of Rights by Plea:**

(a)   The defendant is entitled to have the charge in the Information, outlined in paragraph 2 above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b)   The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(c)   The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d)   The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial.  The government must also consent and the court must approve a non-jury trial.

(e)   The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these

CLP     PW     AJN     3/7/14
                              Date

5

proceedings.

(f)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(h)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence on the defendant's own behalf.  If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

CLP   PW   AJN   3/7/14
                        Date

6

(i)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify.  Or the defendant could exercise the choice to testify on his own behalf.

(j)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(k)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph.  The defendant's attorney has explained these rights and the consequences of waiving these rights.

**6.     Recommendations:**  The United States will recommend the sentence for Count II of the Superseding Indictment (CR 13–30–M–DWM) run concurrent with the sentence imposed for Count I of the Information (CR 14-    -M-DWM).

CLP     PW     AJN     Date

The parties reserve the right to make any other arguments at the time of sentencing. Defendant understands that the court is not bound by this recommendation.

7.  **Defendant's Substantial Assistance:** This plea agreement has been reached and the United States has agreed to dismiss Counts I and III of the Superseding Indictment in CR 13-30-M-DWM because the defendant maintains that he can provide substantial assistance to the United States in CR 13-30-M-DWM and CR 14-   -M-DWM. The defendant acknowledges that the dismissal of Counts I and III will fully reward the defendant for any substantial assistance he may render to the United States. The defendant further acknowledges that, if Counts I and III are dismissed, the United States will not move the Court, under USSG 5K1.1, 18 USC § 3553(e), Fed. R. Crim. P. 35, or any other provision or rule, to impose a reduced sentence for any substantial assistance the defendant may provide to the United States.

(a) *Obligations of the Defendant:*  Substantial assistance means, for the purposes of this agreement, that the defendant agrees to:

1.  provide complete, truthful, forthright, material, important, valuable and meaningful information to the best of his knowledge and belief bearing on any subject inquired of him by the Court, the United States Attorney's Office, the Grand Jury, or any Federal, State, or local investigative agency, and

CLP     PW     AJN     3/7/14
Date

8

    2. provide complete, truthful, and forthright testimony if called upon in any proceeding before a Court or Grand Jury.

The defendant understands that providing materially false information or withholding material information may result in further criminal action for fraud, false statements, obstruction of justice or perjury. The defendant further understands that if he fails to provide complete, truthful and forthright information and testimony, as determined by the prosecutor, the United States may withdraw from this plea agreement.

(b) *Obligations of the United States*: Based upon the defendant's promises and obligation herein, the United States agrees to move to dismiss Counts I and III of the said Superseding Indictment at sentencing, and agrees that the information provided by the defendant will not be used against the defendant in any criminal proceeding, including at his own sentencing. This testimonial restriction does not extend to forfeiture or other civil issues.

(c) *Acknowledgments:* The defendant acknowledges that if he commits any local, state, or federal crime (other than at the direction of law enforcement in furtherance of an investigation) that diminishes the defendant's credibility or effectiveness as a witness, the United States may, in the prosecutors' discretion, move to withdraw from this plea agreement even though the defendant may have also provided assistance which is otherwise considered substantial. The defendant

CLP     PW     AJN     3/7/14
                                                Date

agrees that he will not oppose the United States' motion to withdraw.

The defendant further acknowledges that if he fails to provide complete, truthful and forthright information and testimony, as determined by the prosecutor, the United States may withdraw from this plea agreement. The defendant understands that if the United States determines he has not provided complete, truthful and forthright information and testimony, the defendant hereby agrees that he will not oppose the United States' motion to withdraw from the plea agreement. He understands that if the motion to withdraw is filed, he will face all charges in the Superseding Indictment and United States will not move to dismiss Counts I and III.

**8.     Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

**9.     Unconditional Appeal Waiver:** The defendant understands that the law gives him a right to appeal and collaterally attack his conviction and sentence. Acknowledging this, the defendant knowingly waives any right to appeal his conviction and sentence and any right he may have to bring any other post-conviction attack on his conviction and sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction and sentence. This waiver does not prohibit his right to pursue or maintain such an action arising

CLP     PW     AJN     Date   3/7/14

from facts not known or reasonably capable of being known at the time of his entry of his guilty pleas or alleging that he received ineffective assistance of counsel.

10.   **FOIA Waiver:** The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11.   **Waiver of Objection to Allocution Use in the Event of Withdrawal of Guilty Plea:**  The defendant further agrees that any statements made by him or on his behalf in the change of plea proceedings in this matter may be used against him later at a trial on the merits should he withdraw his guilty plea.  The defendant hereby expressly waives any objection to such use under Rule 410, Federal Rules of Evidence and Rule 11(f), Federal Rules of Criminal Procedure if he successfully withdraws the plea entered pursuant to this agreement.

12.   **Voluntary Plea:**  The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

13. **Disclosure of Financial Information:**  Defendant authorizes the U.S.

CLP     PW     AJN     Date

Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation.  Defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office pre-sentencing, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.  Defendant consents to being immediately placed on the Treasury Offset Program to help meet defendant's obligation to pay restitution and/or a fine.

**14. Megan's Law/Adam Walsh Act Notice:**  The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions:  the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations no later than three business days after any change of name, residence, employment, or

CLP   PW   AJN   3/7/14
Date

12

student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**15.     Detention After Plea:**  The defendant acknowledges that he will be detained pending sentencing.

**16.     Forfeiture:**  The defendant also agrees to abandon all right title and interest in the property described in forfeiture allegation of the Indictment, execute a release and waiver to that effect, or stipulate to the entry of an Order of Forfeiture transferring that property to the United States.

**17.     Breach:**  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

**18.     Entire Agreement**:  Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  **This plea agreement constitutes the entire agreement between the parties.  Any term or condition which is not expressly stated as part of this**

CLP     PW     AJN     Date

13

plea agreement is not to be considered part of the agreement.

**MICHAEL W. COTTER**
**United States Attorney**

_____
**Cyndee L. Peterson**
Assistant U. S. Attorney
**Maureen C. Cain**
Dept. of Justice Trial Attorney

_____
**Paul Wencewicz**
Defendant

_____
**Andrew J. Nelson**
Defense Counsel

CLP   PW   AJN   3/7/14
                      Date

14