MAUREEN C. CAIN
U.S. Department of Justice
Child Exploitation & Obscenity Section
1400 New York Ave.
Bond Building, 6th Floor
Washington, D.C. 20530
Phone: (202)616-1685
Fax: (202)514-1793
Email: Maureen.Cain@usdoj.gov

CYNDEE L. PETERSON
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2d Floor
Missoula, MT 59802
Phone:  (406) 542-8851
FAX:  (406) 542-1476
Email: Cyndee.Peterson@usdoj.gov
ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL WENCEWICZ, SCOTT LONG, PHILLIP MORRIS, JOHN JOHNSON, STEVE HUMISTON, JEFFREY WOOLLEY, TONY BRONSON, CHARLES CROSBY, JOSEPH PURIFICATO, JEFFREY NOENNIG, JOSHUA PETERSEN, STEVEN GROVO, IAN NOSEK, | CR 13- 30 - M -DWM<br><br>**OFFER OF PROOF–<br>DEFENDANT<br>WENCEWICZ** |

1

| | |
|---|---|
| and ROBERT KRISE,<br><br>     Defendants. | |
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>PAUL WENCEWICZ,<br><br>     Defendant | CR 14- 14 -M-DWM<br><br><br>**OFFER OF PROOF** |

Defendant Paul Wencewicz has signed a plea agreement which contemplates his plea of guilty to Count II of the Superseding Indictment (CR 13–30–M–DWM) and Count I of the Information (CR 14–14–M–DWM) both of which counts charge him with conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d) & (e).  The Superseding Indictment also contains a forfeiture allegation which the defendant will admit.  The defendant's pleas of guilty will be unconditional.

The United States presented any and all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the court represents, in the government's view, the most favorable offer extended to the defendant. *See Missouri v. Frye*, 132 S.Ct. 1399 (2012).

**ELEMENTS.**  In order to prove the charges against the defendant at trial,

the United States would have to prove the following elements in each case beyond a reasonable doubt:

>First: there was an agreement between two or more persons to advertise child pornography; and
>
>Second: the defendant became a member of the conspiracy knowing of its unlawful object and intending to help accomplish it.

The elements for the crime of advertising child pornography are:

>First, the defendant knowingly made, printed, published, caused to be made, caused to be printed, and caused to be published any notice and advertisement;
>
>Second, the notice and advertisement sought and offered to receive, exchange, display and distribute any visual depiction, and the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct; and
>
>Third, the defendant knew and had reason to know the notice and advertisement would be transported using any means and facility of interstate and foreign commerce, and in or affecting interstate or foreign commerce by any means including by computer, and such notice and advertisement was actually transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer.

**Forfeiture:** In order for property to be forfeited, the United States would need to prove that the following property was used to facilitate the commission of the offense or contains a visual depiction described in Title 18 U.S.C. §§ 2251 or 2252A:

>(1) Unbonded System Unit, Serial #8619A033900182 to include the following hard drives:
>    a. Western Digital HDD , Serial #WCATR0150632;

3

    b. Seagate HDD , Serial #5MT1A554; and
    c. Seagate HDD, Serial #6RY4R9FE;
 (2) Eagle HDD, Serial #EH00022638;
 (3) Western Digital HDD, Serial #WCAU4D609664;
 (4) Seagate HDD, Serial #5MA9HN5Z;
 (5) Adaptec HDD, Serial #050002227; and
 (6) Miscellaneous CDs and DVDs.

**PROOF** (CR 13–30–M–DWM). If called upon to prove CR 13–30–M–DWM at trial, and to provide a factual basis for the defendant's plea, the United States would present, by way of the testimony of law enforcement officers, lay and expert witnesses, and physical evidence, the following:

1. Defendant Paul Wencewicz was a creator and administrator of the online bulletin board hereinafter referred to as Bulletin Board 1. While living in the District of Montana, the defendant created Bulletin Board 1 on November 6, 2009, and last logged into the board on January 29, 2012. Bulletin Board 1 was an invitation-only board that allowed members to advertise and exchange images of children engaged in sexually explicit conduct, including images which displayed the lascivious exhibition of the children's genitals and pubic area. Bulletin Board 1 contained multiple forums and sub-forums where members could request, upload, download and access child pornography. There were at least 44 active members of the board.

2. The administrators of the board, which included the defendant, had

4

full privileges to the board and were involved in the set-up, functioning, and view of the board, reviewing and admitting new members, making sure the board was secure from law enforcement and hackers, advancing members to other parts of the board, and monitoring the content of the board by moving or deleting postings.

3. Other members of Bulletin Board 1 included Scott Long, Phillip Morris, John Johnson, Steve Humiston, Jeffrey Woolley, Tony Bronson, Charles Crosby, Joseph Purificato, Jeffrey Noennig, Joshua Petersen, Steven Grovo, Ian Nosek, and Robert Krise.

**PROOF** (CR 14–14–M–DWM). If called upon to prove Count I in CR 14–14–M–DWM at trial, and to provide a factual basis for the defendant's plea, the United States would present, by way of the testimony of law enforcement officers, lay and expert witnesses, and physical evidence, the following:

1. While residing in the District of Montana, the defendant was a member of the invitation-only, online bulletin board hereinafter referred to as Bulletin Board 2. Bulletin Board 2 was created on or about September 28, 2011. Bulletin Board 2 was an invitation-only board that allowed members to advertise and exchange images of children engaged in sexually explicit conduct, including masturbation and the lascivious exhibition of genitals and pubic area. There were at least 100 active members of the

board.

2.     Bulletin Board 2 had sections for members and advanced members. The board had sub-forums in both sections. Within the sub-forums, members were able to request, upload, download and access child pornography. Bulletin Board 2 had rules which required members to post images which depicted girls between the ages 4-15 years old, a preview image for the content posted, and password protected uploads. The board rules also instructed members that they would be demoted if they did not post content appropriate to their assigned group for more than a certain number weeks.

3.     Defendant became an active member of Bulletin Board 2 on or about October 28, 2011. His last post on Bulletin Board 2 was on or about November 10, 2011. His board account was deleted by an administrator on or about November 13, 2011. During his active membership, the defendant made posts in the advanced member section. Those posts included URL hyperlinks and preview images, along with messages describing the series of images. Some of the preview images depict children engaged in sexually explicit conduct, namely the lascivious exhibition of the child's pubic or genital area.

4.     In January 2012, the defendant continued to advance the Bulletin

Board 2 conspiracy by allowing a member on Bulletin Board 1 to advertise the second board on Bulletin Board 1.  The defendant encouraged members of the board he created and administered to go to Bulletin Board 2 through his own responsive post.  When seeking admission/registration on Bulletin Board 2, members used the defendant's username as a reference for admission to Bulletin Board 2.

5.  Defendant was arrested on charges related to CR 13–30–M–DWM on July 31, 2013.

**Forfeiture.**   Forensic analysis of Defendant's digital devices reveals that he used the following to facilitate the commission of the above offenses:

> (1) An Unbonded System Unit, Serial #8619A033900182 to include the following hard drives:
>     a.    Western Digital HDD , Serial #WCATR0150632;
>     b.    Seagate HDD , Serial #5MT1A554; and
>     c.    Seagate HDD, Serial #6RY4R9FE;
> (2)    Eagle HDD, Serial #EH00022638;
> (3)    Western Digital HDD, Serial #WCAU4D609664;
> (4)    Seagate HDD, Serial #5MA9HN5Z;
> (5)    Adaptec HDD, Serial #050002227; and
> (6)    Miscellaneous CDs and DVDs.

DATED this 18th day of March, 2014.

                    **MICHAEL W. COTTER**
                    **United States Attorney**

                    */s/ Cyndee L. Peterson*
                    Assistant U. S. Attorney
                    **Maureen C. Cain**
                    Dept. of Justice Trial Attorney