ANDREW J. NELSON
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
125 Bank Street, Suite 710
Missoula, MT 59802
Phone: (406) 721-6749
Fax: (406) 721-7751
Email: andy_nelson@fd.org

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL WENCEWICZ, SCOTT LONG, PHILLIP MORRIS, JOHN JOHNSON, STEVE HUMISTON, JEFFREY WOOLLEY, TONY BRONSON, CHARLES CROSBY, JOSEPH PURIFICATO, JEFFREY NOENNIG, JOSHUA PETERSEN, STEVEN GROVO, IAN NOSEK, and ROBERT KRISE,<br><br>Defendants. | **CR 13-30-M-DWM**<br>**CR 14-14-M-DWM**<br><br>**SENTENCING MEMORANDUM OF PAUL WENCEWICZ** |

PAUL WENCEWICZ comes before the Court for sentencing on two counts of

conspiracy to advertise child pornography, in violation of 18 U.S.C. §§ 2251(d) and

(e). He faces a mandatory minimum of 15 and up to 30 years imprisonment by statute. The United States Probation Office has calculated a Guidelines range of 360 months imprisonment (Total Offense Level 43; Criminal History Category I).

Wencewicz requests a sentence of 180 months as reasonable pursuant to 18 U.S.C. § 3553(a). A statutory variance to the mandatory minimum sentence of incarceration is justified. In support of this request, Wencewicz contends: (1) that because the Sentencing Commission abdicated its traditional role of utilizing empirical data in establishing the child pornography guidelines, this Court can and should vary from the applicable sentencing range to a more reasonable sentence; and (2) that the sentencing factors to be considered pursuant to 18 U.S.C. § 3553(a) suggest the need for a significant variance in order to achieve a sufficient but not greater than necessary sentence. Wencewicz maintains several objections to the presentence investigation report (PSR), some of which impact the Guidelines calculation. Finally, Wencewicz objects to any restitution order as lacking factual support in the record and for legal reasons examined below.

# ARGUMENT

The Guidelines in this case are literally off the chart. Only application of USSG Chapter 5, Part A, Application Note 2 brings the offense level from 46 back to level 43, the highest offense level contemplated by the sentencing table. Given the manner in which the guidelines are calculated pursuant to USSG § 1B1.1, Wencewicz must prevail on several arguments just to earn his way back onto the sentencing table. The unique severity of the instant Guidelines calculation underscores the need for this Court to scrutinize the § 2G2.2 guideline regime. As noted most forcefully in the *Henderson* decision, the Ninth Circuit has held that the child exploitation guidelines are not based on science, empirical data, and national experience. Instead, the relevant guidelines are the product of politics presumably reflecting the social opprobrium attending this type of criminal offense. The Sentencing Commission has abdicated its traditional role in the sentencing process. Thus, the guidelines do not guide. They are not entitled to the standard degree of judicial deference.

Still, the Guidelines must be calculated accurately and the sentencing inquiry begins with the properly calculated Guidelines range. The Guideline calculation, however, should not distract the Court from the simple yet powerful notion that 180 months is a very long term of imprisonment for an individual with no criminal history and no hands-on conduct. We suggest here that the exceptionally high Guidelines range distracts from the core inquiry: what constitutes a sufficient but not greater than

necessary sentence for Paul Thomas Wencewicz? In this case, perhaps more than most, the systemic problems with the § 2G2.2 guidelines warrant careful consideration.

Even recognizing that "the exploitative use of children in the production of pornography has become a serious national problem," *New York v. Ferber*, 458 U.S. 747, 749 (1982); even recognizing that individual victims experience serious and continuing harm because child pornography is "a permanent record" of abuse and "the harm to the child is exacerbated by [its] circulation" *Id* at 759; even conceding that Wencewicz violated the law; even conceding that this criminal enterprise was relatively sophisticated and far-reaching; even with all of that in mind, the sentence of imprisonment contemplated by the Guidelines is incongruent with the 18 U.S.C. § 3553(a) sentencing factors. Paul Wencewicz never laid a hand on anyone. He did not create any images of child pornography. And his timely cooperation contributed directly to the cessation of criminal activity and the removal of the KOFD bulletin board. His timely cooperation permitted the successful prosecution, conviction, and sentencing of each of his numerous co-defendants.

It is within this factual and legal framework that the Court must fashion a reasonable sentence.

A.  **Wencewicz maintains several objections to the PSR which impact the Guidelines calculation.**

1.  <u>The Guideline calculation in paragraph 190</u>.

The Guideline should be 360 months pursuant to USSG § 5G1.1(c)(1), not 720 months as calculated in the PSR. *See* PSR ¶ 190. USSG § 5G1.2(d) addresses the manner in which multiple sentences of imprisonment run in light of the total punishment determined by the sentencing court and is inapplicable here.

2.  <u>Obstruction of justice enhancement</u>.

Wencewicz objects to the two-level enhancement for obstruction of justice pursuant to USSG § 3C1.1 referenced in paragraph 145 of the PSR. He maintains that the enhancement lacks factual support. He further maintains that his timely cooperation with law enforcement obviates any conduct which could be construed as obstructive.

3.  <u>Acceptance of responsibility adjustment</u>.

There is no basis to deny the Chapter 3 adjustment for acceptance of responsibility. In part because, given the objection to the obstruction enhancement, Application Note 4 to USSG.§ 3E1.1 may not apply.

Even if the obstruction of justice enhancement applies, Wencewicz argues that this is precisely the exceptional case in which the acceptance of responsibility adjustment is warranted. Wencewicz cooperated significantly at the inception of this lengthy and wide-ranging criminal investigation. He supplied law enforcement with

his password and granted them access to the KOFD bulletin board. Every other co-defendant is charged and prosecuted here due to this assistance. His timely pleas of guilty to counts I and II resulted in the successful prosecution of multiple co-defendants and dismantling of multiple bulletin boards. The timely assistance rendered by Wencewicz was truthful, as confirmed by his March 2012 polygraph examination with FBI Special Agent Smiedala.

Wencewicz entered into a plea agreement and pled guilty prior to deadlines imposed by the court. After he – as the leader and organizer of KOFD – entered a guilty plea, most of the other co-defendants also changed their pleas. Wencewicz should receive the adjustment for acceptance of responsibility pursuant to USSG § 3E1.1.

    4.    <u>Distribution with expectation of gain enhancement</u>.

Wencewicz objects to the 5-level enhancement for distribution with expectation of gain pursuant to USSG § 2G2.2(b)(3)(B). The "gain" in this instance being the alleged expectation of receipt of child pornography from other board members. The legal argument is that the base offense level already contemplates distribution to others. Distribution is an element of the offense of conviction. And that distribution necessarily involved other board members because the offense was charged as a conspiracy. To further enhance a base offense level for facts that constitute an element of the offense of conviction is inconsistent with the purpose and

construction of the Guidelines and violates the Due Process Clause.

The fact argument is that Wencewicz was the creator and curator of the KOFD bulletin board, a status for which his offense level has been increased by four levels by application of USSG § 3B1.1(a). Wencewicz asserts that members were suspended from the board for inactivity, but were not required to share images to maintain membership. Any requirement that a member post images as a condition of membership did not apply to Wencewicz as the creator of the board. He did not distribute to other members with the expectation of receiving images in return. As quoted in the PSR, Wencewicz posted because of a personal interest and a sense of community. *See* PSR ¶ 128 ("I post because I love to post. I do it for myself & those that may appreciate it.")

5. <u>Restitution</u>.

The PSR provides that, pursuant to 18 U.S.C. § 3663A, restitution shall be ordered. The PSR notes that the "Angela Series" victim requests restitution in the range of $12,100.20 to $16,520.20. Defense counsel has since received an additional claim for restitution from the "Jan_Feb Series" victim "L.S.". Wencewicz objects to any potential restitution order. The basis for his objection is examined fully below.

**B. The relevant Guidelines should be afforded minimal deference because they are not based on the type of empirical evidence typically considered by the Sentencing Commission.**

It is well settled that the sentencing court may vary from the Guidelines range based solely on policy considerations, including disagreements with the Guidelines. *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007). That is because whatever deference a Guideline deserves depends on whether the Commission acted in the "exercise of its characteristic institutional role." *Id* at 575. This role has two components: (1) reliance on empirical evidence or pre-Guidelines sentencing practice, and (2) review and revision in light of judicial decisions, sentencing data, and comments from participants and experts in the field. *Rita v. United States*, 127 S.Ct. 2456, 2464-65 (2007). "Notably, not all of the Guidelines are tied to this empirical evidence." *Gall v. United States*, 128 S.Ct. 586, 594 n.2 (2007). When a Guideline is not the product of "empirical data and national experience," it is not an abuse of discretion to conclude that it fails to achieve the section 3553(a)'s purposes and violates the parsimony principle, even in a "mine-run case." *Kimbrough*, 128 S.Ct. at 575.

In *United States v. Henderson*, the Ninth Circuit concluded that the child pornography guideline is not entitled to the deference traditionally shown the Sentencing Guidelines because the child pornography guideline is not based on empirical data resulting from past practices. *United States v. Henderson*, 649 F.3d

955, 959-60 (9th Cir. 2011) ("the child pornography Guidelines were not developed in a manner 'exemplify[ing] the [Sentencing] Commission's exercise of its characteristic institutional role.' *Kimbrough*, 552 U.S. at 109."). District courts may, therefore, vary from the child pornography guideline based on policy disagreement. *Id.*

In *United States v. Grober*, 595 F.Supp. 2d 382 (D.N.J. 2008), affirmed by *United States v. Grober*, 624 F.3d 592 (3d Cir. 2010), the court took a similar stance:

> The Court believes as a matter of conscience that the imposition of any term of incarceration above the mandatory minimum of 60 months attached to the offenses to which [the defendant] pleaded guilty would be unfair and unreasonable. In reaching this conclusion, the Court joins thoughtful district court judges whose work has convinced them that the present guideline, § 2G2.2, must be given less deference than the guidelines traditionally command. The Court's scrutiny of the guideline has led it to conclude that the guideline does not guide.

The Second Circuit similarly concluded that § 2G2.2 is beset with "irrationality" so much so that "unless applied with great care, [it] can lead to unreasonable sentences that are inconsistent with what § 3553 requires." *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010).

The two-level computer enhancement, which Wencewicz has received, is perhaps the most criticized child pornography guideline. In *Henderson*, the Ninth Circuit further noted that the Sentencing Commission itself "criticized the two-level computer enhancement because it failed to distinguish serious commercial distributors from more run-of-the-mill users." *Henderson*, 649 F.3d at 961 (citing

United States Sentencing Commission, *Sex Offenses Against Children: Findings and Recommendations Regarding Federal Penalties* 25-30, 37-38 (1996), http://ftp.ussc.gov/r_congress/SCAC.PDF). "[T]he Commission explained that its analysis supported an enhancement for use of a computer *to solicit participation in production* of child pornography," not simply to view it. *Id*. (italics added). The aggravating, specific offense characteristics that have been applied to Wencewicz apply in most cases: victims under 12 (§ 2G2(b)(2)) 95.3%, sadistic or masochistic conduct (§ 2G7.2(b)(4)) 79.4%, use of a computer (§ 2G2.2(b)(6)) 97.4 %, and number of images (§ 2G2.2(b)(7)) 96%, with 600 or more images scoring in 70.9 % of cases. United States Sentencing Commission, Specific Offense Characteristics Guideline Calculation Based Fiscal Year 2011, at 41-42. The aggravating factors driving Wencewicz's guideline calculation ever higher are not, in fact, specific to his offense. They apply in most child pornography cases.

These deficiencies have not gone unnoticed. A 2010 survey by the United States Sentencing Commission revealed that 69% of district judges believe that the child pornography Guideline range for receipt is too high.[1] In 2011, child pornography offenses had the highest rate of below-Guidelines sentences, with 44.9% of sentences for possession and trafficking below the Guidelines range, compared to

---

[1] United States Sentencing Commission, *Results of Survey of United States District Judges January 2010 through March 2010* (June 2010), available at http://www.ussc.gov/Research/Research_Projects/Surveys/20100608_Judge_Survey.pdf.

17.4% for all offenses.[2]

### C. The 18 U.S.C. § 3553(a) sentencing factors suggest that a sentence of 180 months is reasonable.

The nature and circumstances of the offense, along with Wencewicz's personal history and characteristics, suggest that a sentence at the statutory mandatory minimum of 180 months is reasonable. Wencewicz has no criminal history. He voluntarily submitted to a polygraph examination by FBI Special Agent Smiedala during the initial stages of the investigation in March of 2012. Wencewicz answered two questions with no deception indicated: "Did you ever touch a child under the age of 18 in a sexual way as an adult?" (Answer: No) and "Did you ever touch a child under the age of 18 in a sexual manner as an adult?" (Answer: No). Not only does the polygraph examination reveal that Wencewicz truthfully assisted law enforcement, it indicates that he has no prior hands-on episodes with children.

Wencewicz has a lengthy work history. PSR ¶¶ 180-187. He struggles with alcohol abuse and requests a recommendation for participation in the Bureau of Prisons' residential drug and alcohol treatment program. PSR ¶¶ 174-176.

---

[2] United States Sentencing Commisssion, *2011 Sourcebook of Federal Sentencing Statistics*, Table 27A, available at http://www.ussc.gov/Data_and_Statistics/Annual_Reports_and_Sourcebooks/2011/Table27a. pdf; United States Sentencing Commission, 2011 Annual Report, Ch. 5, available at http://www.ussc.gov/Data_and_Statistics/Annual_Reports_and_Sourcebooks/2011/2011_Annual_Report_Chap5.pdf.

**D. Any order of restitution would violate the Due Process Clause.**

Wencewicz contends that the government has failed to demonstrate that his particular offense caused injury to the victims seeking restitution. He further contends that the applicable restitution statute makes it impossible to award the relief sought.

Title 18 U.S.C. § 2259(a) provides that a district court "shall order restitution for any offense" under Chapter 110 of Title 18, which covers a number of offenses involving the sexual exploitation of children. Section 2259 states a broad restitutionary purpose: "to pay the victim . . . the full amount of the victim's losses as determined by the court," § 2259(b)(1), and expressly states that "[t]he issuance of a restitution order under this section is mandatory," § 2259(b)(4)(A). Section 2259 (b)(2) provides that "[a]n order of restitution under this section shall be issued and enforced in accordance with section 3664," which in turn provides in relevant part that "[t]he burden of demonstrating the amount of the loss sustained by the victim as a result of the offense shall be on the attorney for the Government." *See* 18 U.S.C. § 3664(e). Any dispute as to the amount of restitution shall be resolved by a preponderance of the evidence. *Id*.

The Supreme Court recently addressed § 2259 and the limits of restitution – with a particular focus on causation and determination of amount – in *Paroline v. United States*, 134 S.Ct. 1710 (2014). The Court first looked at the statute's

causation requirements:

> [t]hus, as is typically the case with criminal restitution, § 2259 is intended to compensate victims for losses caused by the offense of conviction... This is an important point, for it means the central concern of the causal inquiry must be the conduct of the particular defendant from whom restitution is sought.

*Id*. at 1720. The Court interpreted § 2259 as including a "proximate-cause limitation" on restitution. *Id*. at 1722 "Restitution is therefore proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses." *Id*.

The Court then turned to the troubling question of how to fix the amount of any restitution award:

> In this special context, where it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses.

*Id*. at 1727.

The process of setting loss "cannot be a precise mathematical inquiry" prescribed by a "precise algorithm . . .". *Id*. at 1728. The Court outlined several factors that could inform the "relative causal significance" of a particular defendant's conduct, including number of past criminal defendants to have contributed to the victim's general losses; reasonable predictions of future offenders; a broader estimate of unprosecuted offenders; whether the defendant reproduced the images; whether the

Federal Defenders of Montana
125 Bank Street, Suite 710
Missoula, MT 59802
Phone: (406) 721-6749

13

defendant initially produced the images; and the defendant's financial means. *Id*.

This framework cannot be applied to Wencewicz in any meaningful way. As Chief Justice Roberts notes in his dissent, when it comes to an offender's crime "it is not possible to do anything more than pick an arbitrary number for that 'amount.' And arbitrary is not good enough for the criminal law." *Id*. at 1730 (Roberts, CJ, dissenting). By dealing with the unique harms caused by child pornography through the legal medium of a generic restitution standard (§ 3664), Congress makes it impossible to award the relief sought. *Id*. Restitution may not be imposed for losses caused by any other crime or any other defendant. *Id.* at 1731.

Any loss suffered by the victims seeking restitution from Wencewicz – like the loss suffered by "Amy" in *Paroline* – is the result of a large number of people acting independently over an extended period of time. There is no indication that the victims here know who Wencewicz is, nor do they know who any of the co-defendants are. The government has not shown that the victims would have suffered less had Wencewicz not conspired to post their images on the KOFD bulletin board. The injuries are indivisible, which means that Wencewicz's particular share of their loss is unknowable. Asking a sentencing court to impose restitution "guided solely by [its] own intuitions regarding comparative fault" would "undermine the requirement that every criminal defendant receive due process of law." *Id*. at 1734.

## CONCLUSION

For all the foregoing reasons, PAUL WENCEWICZ requests a sentence of 180 months incarceration as reasonable pursuant to 18 U.S.C. § 3553(a).

DATED this 8th day of October, 2014.

                                                  PAUL WENCEWICZ

                                    By:  */s/ Andrew J. Nelson*
                                          ANDREW J. NELSON
                                          Assistant Federal Defender
                                          Federal Defenders of Montana
                                                Counsel for Defendant

# CERTIFICATE OF COMPLIANCE

I hereby certify that this Sentencing Memorandum is in compliance. The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 3,009 excluding tables and certificates).

DATED this 8th day of October, 2014.

                        PAUL WENCEWICZ

          By:  */s/ Andrew J. Nelson*
                ANDREW J. NELSON
                Assistant Federal Defender
                Federal Defenders of Montana
                    Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2014, a copy of the foregoing document was served on the following persons by the following means:

<u>1-4</u>  CM-ECF
<u>   </u>  Hand Delivery
<u>   </u>  Mail
<u>   </u>  Overnight Delivery Service
<u>   </u>  Fax
<u> 5 </u>  E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. CYNDEE L. PETERSON
   Assistant U.S. Attorney
        Counsel for the United States

3. MAUREEN C. CAIN
   U.S. Department of Justice
        Counsel for the United States

4. ALL COUNSEL FOR DEFENDANTS

5. TUCKER HOOD
   United States Probation Office
        United States Probation Officer

                                           By: */s/ Andrew J. Nelson*
                                                  ANDREW J. NELSON
                                                  Assistant Federal Defender
                                                  Federal Defenders of Montana
                                                  Counsel for Defendant